IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRIAN GREER,<br>Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC., STEVE BURD, RICHARD LYDING, STEPHEN ROBINSON, RICHARD FALCONE, STATE OF CALIFORNIA, CARRIE NEVANS, OAKLAND WORKERS COMPENSATION APPEALS BOARD, JOHN DOE CLERK OF THE WORKERS COMPENSATION APPEALS BOARD, JAMES ROBBINS, JOHN DEVINE, JOHN DOE STATE OF CALIFORNIA EMPLOYEES 1-50, and JOHN DOE BACKGROUND CHECK COMPANIES 1-50,<br>Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CASE<br><br>Case No. 2:08-CV-973 TS |

Plaintiff Greer filed a Complaint in this matter on November 10, 2008,[1] along with a Motion for Court to Review Complaint and Note Lawful Causes of Action in an Order when Deciding Fee

[1]Docket No. 3.

Waiver Application[2] and a Motion for Permanent Injunction, Hearing or Binding-Arbitration.[3] Because the Court finds that Plaintiff's case is frivolous, Plaintiff's case will be dismissed.

## I. BACKGROUND

The following are taken from Plaintiff's Complaint. Plaintiff David Greer is a resident of California. Defendant Safeway is a corporation doing business in California. Defendant Burd is the Chief Executive Officer of Safeway. Defendants Lyding, Robinson, and Falcone are attorneys employed by Defendant Safeway. Defendant Oakland Workers Compensation Appeals Board ("OWCAB") is a political subdivision of Defendant State of California. Defendants Nevans and Robbins are employees of OWCAB. Defendant Devine is an employee of Defendant State of California.

Plaintiff and Safeway are parties in a long-standing legal struggle over the employment of Plaintiff. Plaintiff, in that struggle, alleges that Safeway agreed to certain terms in a settlement agreement brokered by OWCAB, and that it breached those terms. Plaintiff alleges that OWCAB wrongfully disclosed to Safeway certain confidential information contained in claims filed by Plaintiff, and that Safeway wrongfully disclosed that information to various background check companies, which has made it difficult for Plaintiff to find employment. Plaintiff alleges that the State of California has failed to adequately regulate OWCAB, which resulted in OWCAB's disclosure of confidential information to Safeway, and to adequately regulate background check companies, which resulted in that confidential information being disseminated to employers in various states.

[2]Docket No. 5

[3]Docket No. 6

Plaintiff alleges that the background check companies are operating using unlawful means, specifically that they "operate by hidden, unverifiable, procedures,"[4] and that such procedures are contrary to the Sarbanes-Oxley Act. Plaintiff also alleges that the disclosure by background check companies of confidential information violates various federal and state statutes and regulations. Plaintiff alleges that OWCAB, the State of California, and Safeway have colluded to unlawfully deny Plaintiff relief in California State Courts. Finally, Plaintiff alleges that all Defendants colluded to prevent Plaintiff from gaining employment.

## II. DISCUSSION

Plaintiff Brian Greer is proceeding *pro se* and *in forma pauperis*. Because Plaintiff was granted permission to proceed *in forum pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, are applicable. Under § 1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[5] A claim is frivolous if it "lacks an arguable basis either in law or in fact."[6]

Greer asserts breach of contract claims against Defendant Safeway and related Defendants, as well as what are essentially claims under 42 U.S.C. § 1983 against Defendant State of California, the Oakland Workers Compensation Appeals Board, and related Defendants. However, Plaintiff does not provide sufficient grounds for personal jurisdiction over Defendants, and fails to establish that venue is proper in Utah.

---

[4]Docket No. 3 at 16.

[5]28 U.S.C. § 1915(e)(2).

[6]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In order to establish personal jurisdiction in Utah, Plaintiff must show that: (1) the Defendant's acts or contacts implicate Utah under the Utah long-arm statute; (2) a nexus exists between Plaintiff's claims and a Defendant's acts or contacts; and (3) application of the Utah long-arm statute satisfies the requirements of federal due process.[7] Federal due process, in turn, requires that Plaintiff show that there exist minimum contacts between each Defendant and the State of Utah, and that exercise of personal jurisdiction over each Defendant does not offend traditional notions of fair play and substantial justice.[8]

In support of personal jurisdiction, Plaintiff states only that the background check companies operate in all 50 states, and that they disseminate information across state lines. Plaintiff also alleges that he has attempted to find employment outside of California. However, there are no allegations which would suggest that any of the named Defendants have purposefully availed themselves of the privilege of conducting activities in Utah, so there is no evidence to support the requisite minimum contacts with the State of Utah. Plaintiff alleges, in the broadest of terms, sufficient minimum contacts by the background check companies, but Plaintiff fails to identify a single such company.

In support of venue in the State of Utah, Plaintiff relies on the same argument regarding the business operations of the unnamed background check companies. Plaintiff does not allege that any defendants are residents of Utah or that "a substantial part of the events or omissions giving rise to the claim"[9] occurred in Utah. Accordingly, the Court finds that Plaintiff has failed to meet the requirements for venue.

---

[7] *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).

[8] *Id.* at 1276-77.

[9] 28 U.S.C. § 1391.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's claims against all Defendants are DISMISSED. It is further

ORDERED that Plaintiff's Motion for Court to Review Complaint and Note Lawful Causes of Action in an Order when Deciding Fee-Waiver (Docket No. 5) is DENIED as moot. It is further

ORDERED that Plaintiff's Motion for Permanent Injunction, Motion for Hearing, Motion for ADR - Arbitration (Docket No. 6) is DENIED as moot.

DATED January 15, 2009.

BY THE COURT:

TED STEWART
United States District Judge